**FILED**

JEFFREY A. APPERSON, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEC 0 9 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                                    PLAINTIFF


v.                                          CRIMINAL ACTION NO. 3:05CR-105-S


JAVIER MORALES-TORRES
JULIO CESAR DE NIZ-MORALES                                          DEFENDANTS

## JURY INSTRUCTIONS

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendants guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against a defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. A defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## COUNT 1

Count 1 of the indictment charges the defendants with the crime of conspiracy. A conspiracy is an agreement or a kind of partnership in criminal purposes in which each member becomes the agent or partner of every other member. Title 21, United States Code, Section 846 makes it a separate crime to conspire to do something which, if actually carried out, would amount to another federal crime. In this case, the defendants are charged in Count 1 with conspiring to knowingly and intentionally possess a quantity of marijuana with intent to distribute it.

Each defendant can be found guilty of conspiracy only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:   That two or more persons came to a mutual understanding to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marijuana; and

Second:   That the defendant knowingly became a member of such conspiracy.

The essence of a conspiracy is the making of the scheme itself. It is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing the unlawful plan.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly joins in that plan on one occasion, that is sufficient to convict him for conspiracy even though he had not participated before and even though he played only a minor part. It is not necessary for the United States to prove that all of the people in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement.

- 7 -

## SPECIAL INTERROGATORY AS TO COUNT 1

If you have found either defendant guilty as to Count 1, you must also decide beyond a reasonable doubt as to that defendant what quantity of the mixture or substance containing a detectable amount of marijuana he conspired to possess on or about the dates set forth in the indictment. If you have found either defendant guilty as to Count 1, you will complete the verdict form asking you to answer this question as to that defendant.

## COUNT 2

Title 21, United States Code, Section 841(a)(1), makes it a federal crime for anyone to possess a "controlled substance" with intent to distribute it.

Marijuana is a "controlled substance" within the meaning of the law.

A defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt as to that defendant:

First:    That the defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of marijuana as charged; and

Second:  That he possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

- 10 -

The guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent or associate of a defendant is intentionally directed or authorized by that defendant, or if a defendant aids and abets another person by intentionally joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

Notice, however, that before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant associate himself in some way with the crime, and intentionally participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

## SPECIAL INTERROGATORY AS TO COUNT 2

If you have found either defendant guilty as to Count 2, you must also decide beyond a reasonable doubt as to that defendant what quantity of the mixture or substance containing a detectable amount of marijuana he possessed on or about the dates set forth in the indictment. If you have found either defendant guilty as to Count 2, you will complete the verdict form asking you to answer this question as to that defendant.

One of the questions in this case is whether Javier Morales-Torres was coerced to commit the crimes.

Coercion can excuse a crime, but only if the following five factors are met:

First:     That the defendant reasonably believed there was an imminent threat of
            death or serious bodily injury to himself or to his family;

Second:  That the defendant had not recklessly or negligently placed himself in a
            situation in which it was probable that he would be forced to choose the
            criminal conduct;

Third:    That the defendant had no reasonable, legal alternative to violating the law;

Fourth:  That the defendant reasonably believed his criminal conduct would avoid
            the threatened harm; and

Fifth:    That the defendant did not maintain the illegal conduct any longer than
            absolutely necessary.

The United States has the burden of proving Javier Morales-Torres guilty beyond a reasonable doubt of the crimes charged against him.  This includes proving beyond a reasonable doubt that he did not act out of coercion, as defined above.

If you find that Javier Morales-Torres was coerced into committing a crime, you must find him not guilty as to that crime.

You will note that the indictment charges that the crimes were committed "on or about" a certain date.  The United States does not have to prove with certainty the exact date of the alleged crimes.  It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on a date reasonably near the dates alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

**FILED**
JEFFREY A. APPERSON, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AUG 1 7 2005

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA

v.

<u>INDICTMENT</u>

NO. 3:05CR-105-S

18 U.S.C. § 2
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 846
21 U.S.C. § 853

JAVIER MORALES-TORRES
JULIO CESAR DE NIZ-MORALES

The Grand Jury charges:

<u>COUNT 1</u>

In or about July 2005, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **JAVIER MORALES-TORRES** and **JULIO CESAR DE NIZ-MORALES**, knowingly conspired with each other and others unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a controlled substance as defined by 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

16

The Grand Jury further charges:

## COUNT 2

On or about July 20, 2005, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JAVIER MORALES-TORRES** and **JULIO CESAR DE NIZ-MORALES**, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a controlled substance as defined by 21 U.S.C. § 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

A TRUE BILL.

FORE

DAVID L. HUBER
UNITED STATES ATTORNEY

DLH:JEL:050802